IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAUK PRAIRIE CONSERVATION ALLIANCE,

Plaintiff,

v.

U.S. DEPARTMENT OF THE INTERIOR,
SALLY JEWELL, NATIONAL PARK SERVICE,
MICHAEL REYNOLDS,                                                   ORDER
U.S. GENERAL SERVICES ADMINISTRATION,
and DENISE TURNER ROTH,                                             17-cv-35-jdp

Defendants,

v.

STATE OF WISCONSIN,

Intervenor defendant.

---

This suit arises from a dispute over the use of the Sauk Prairie State Recreation Area (the Area), where the Badger Army Ammunition Plant used to be. According to plaintiff Sauk Prairie Conservation Alliance, the federal government gave the land to the Wisconsin Department of National Resources on the condition that it be reserved for conservation, education, and low-impact recreational use such as hiking. But in December 2016, the WDNR approved high-impact uses, including motorcycle racing, helicopter flight training by the Wisconsin Army National Guard, hunting dog training, and paintballing. According to the complaint filed in January 2017, these high-impact uses violate the terms of the transfer to the state, and the defendants, federal agencies and administrators, violate federal law by allowing them. The Alliance wants the high-impact uses stopped.

It's five months after the filing of the complaint, and the Alliance now moves for a preliminary injunction enjoining defendant the National Park Service and intervenor defendant the State of Wisconsin from allowing three of the high-impact uses: (1) off-road motorized vehicles; (2) increased gun use; and (3) helicopter training by the Wisconsin Army National Guard in the Area. Dkt. 19. The Alliance says that it did not move for preliminary injunctive relief sooner, because it had filed a similar motion in state court. But the state court denied that motion, and the Wisconsin Court of Appeals denied the request for interlocutory appeal. So the Alliance wants to try again in this court, and it asks for expedited briefing to avoid irreparable harm to nesting birds in the area during the summer breeding season. Because the Alliance has not shown that it is likely to suffer irreparable harm before this case can be decided on the merits, the court will deny its motion without need for a response from defendants.

The court will assume here that the Alliance can make the requisite showing of likely success on the merits. But to obtain preliminary injunctive relief, the Alliance must also demonstrate the lack of an adequate remedy at law and irreparable harm absent the injunction. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002). Environmental injury may be irreparable, but a preliminary injunction is warranted only if the injury is sufficiently likely and permanent. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 545 (1987). The parties' motions for summary judgment will be fully briefed by December 2017, and given the nature of the claims here, it is reasonably likely that those motions will resolve the case. Accordingly, the Alliance must demonstrate that irreparable harm is sufficiently likely to occur before spring 2018, when the court will decide the case on the merits.

The Alliance explains that the Area is home to 33 rare animal species and 97 breeding bird species. It contends that noise and exhaust from motorized vehicles "may cause displacement, nest desertion, [and] breeding failure" to some native species, and that the vehicles could compact and erode the soil and hit some slow-moving animals. Dkt. 21, at 26. Firearm discharge "may disturb wildlife and cause wildlife to flush or exhibit avoidance behaviors." *Id.* at 28. Helicopter flights may disturb "geese and nesting bald eagles" and "generate considerable wind and dust." *Id.* at 29. And visitor traffic may increase trash and attract predators such as raccoons, killing endangered grassland birds by "trampling or eating nests on the ground." *Id.* at 32. The Alliance explains that the harm to breeding birds is more pronounced during the nesting season, which runs from late May through late July. "Any disturbance within that time frame, even for just a few days, would prove significantly detrimental to the likelihood of breeding success." *Id.* at 33.

The Alliance has made a good showing that the contested high-impact uses will disrupt wildlife in the Area, including some vulnerable species. But there are fatal flaws with the Alliance's motion.

First, the Alliance has not shown that a preliminary injunction would actually prevent the alleged environmental harm. The Alliance focuses on the disruption of the current nesting season, which may reduce the breeding success of some species. But even on an expedited briefing schedule, the court would not be able to issue an injunction before the end of the nesting season in July.

Second, the Alliance does not explain why enjoining the three specific activities will prevent the negative environmental impact. One expert explains that gunfire has "severe effects on bird populations." *Id.* at 30. But the Alliance does not request a total ban on gun use, only

the *increased* gun use connected with dog training, leaving people free to continue to hunt in the Area. Another expert explains that some birds are "vulnerable to predation and nest disturbance by dogs." *Id.* at 29. But the Alliance does not request a ban on dogs, only the cessation of hunting dog training.

Third, and most fundamentally, the Alliance has not shown that the wildlife disruptions and resulting environmental harm would be permanent. The Alliance does not explain how a few more months of high-impact activities in the Area will cause harm that would not be remediated if and when the offending activities cease. After all, the Area was once home to a munitions plant, and wildlife returned to the Area after the plant was decommissioned and the Army cleaned up the site.

The Alliance has not shown that it will likely suffer irreparable harm before its case is decided on the merits. The court will deny its motion for a preliminary injunction without need for a response from defendants.

ORDER

IT IS ORDERED that plaintiff Sauk Prairie Conservation Alliance's motion for preliminary injunction, Dkt. 19, is DENIED.

Entered June 26, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge