IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAUK PRAIRIE CONSERVATION ALLIANCE,

                Plaintiff,

     v.

U.S. DEPARTMENT OF THE INTERIOR,
SALLY JEWELL, NATIONAL PARK SERVICE,
MICHAEL REYNOLDS,                                ORDER
U.S. GENERAL SERVICES ADMINISTRATION, and
DENISE TURNER ROTH,                         17-cv-35-jdp

                Defendants,

     v.

STATE OF WISCONSIN,

                Intervenor defendant.

---

The court will deny the Alliance's motion for reconsideration. Dkt. 33.

The court did not deny the Alliance's motion for a preliminary injunction because the state court has already denied a similar injunction. Nor did the court deny the motion because the Alliance forestalled in making the motion until after it sought injunctive relief in the state court. The court took the motion, with its supporting evidence, on its own terms and denied it because the Alliance did not show that it stands to incur irreparable harm absent early intervention by the court.

The burden is on the Alliance to adduce evidence to show that it would suffer irreparable harm without the injunction. The Alliance had evidence to show that high-impact recreation would interfere with some vulnerable species in the Area. But the court concluded that the Alliance had not shown that a few months of high-impact recreation would permanently prevent the vulnerable species from inhabiting the Area. In its motion for

reconsideration, the Alliance points to the concluding paragraphs of two expert opinions to show the putative permanent harm. But those two paragraphs (which the court did not miss the first time around) are conclusory and equivocal. *See* Dkt. 25, ¶ 11 ("It is my opinion that these high-impact uses will, if allowed to occur, negatively impact the Area's ability to host such important species, some of which are well known to be of high conservation priority. These impacts could be irreversible.") and Dkt. 24, ¶ 13 ("Based on my many years of studying birds and their habits, I believe such uses of the property will cause harm to the Area's ability to host these species and will also limit the extent to which the Area may be restored."). Neither expert provides a well-reasoned opinion explaining why the harm will likely be permanent. Nor does the Alliance show that the Area provides the only suitable habitat for the affected species. The evidence presented, even unrebutted by a response, is not sufficient to sustain the Alliance's burden to show irreparable harm.

The Alliance has not demonstrated that the court erred as a matter of law or fact, so the court will deny the motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Sauk Prairie Conservation Alliance's motion for reconsideration, Dkt. 33, is DENIED.

Entered June 28, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge